# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1635-JCH |
| | ) | |
| BRETT FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. #2]. The motion will be granted, and plaintiff will be assessed an initial partial filing fee of $37.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint [Doc. #5], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief against Brett Ferguson (a Nurse Practitioner at the Eastern Reception Diagnostic Center) in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Ferguson was an employee of Corizon Health Services ("Corizon"), and he is suing him in both his official and individual capacities.

Plaintiff alleges that, on or about December 28, 2013, he was suffering from "severe headaches and sever eye pain in his left eye." Plaintiff states that he pushed the "panic button," and a nurse arrived and took him to the medical unit. Plaintiff states that he was sweating profusely and "was then immediately taken to the medical unit by medical cart and into the medical emergency room." Plaintiff

2

states that he was told he had high blood pressure, and he complains that he was not treated for a brain aneurism. He was given "Coumadin" and was sent back to his housing unit. Thereafter, on January 1, 2014, plaintiff saw an eye doctor, who diagnosed a brain aneurism. On January 7, 2014, plaintiff saw another medical doctor, who also diagnosed a brain aneurism. On January 8, 2014, plaintiff was taken to the Columbia Medical Center, where he was seen by a neurologist. Plaintiff underwent brain surgery, and he complains that he still suffers from severe headaches. Somewhat confusingly, plaintiff further alleges that he was "taken to Mineral Point Clinic on or about the 8th of January 2014, for a CAT scan." Plaintiff states that he "was given said results by defendant Ferguson which stated in part no brain aneurism." Plaintiff claims that Ferguson "misdiagnosed" him and that he was "denied his rights under the Constitution of the United States and under the Constitution of the State of Missouri as a direct and proximate result of the recklessness, negligence, and medical neglect and delay of defendant Ferguson." Plaintiff states that he has sustained permanent eye damage.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against defendant Ferguson, a Corizon employee, in his official and individual capacities.

To state a claim against a Corizon employee in his official capacity, a plaintiff must allege that a policy or custom of his employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant amended complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Ferguson in his official capacity.

Regarding plaintiff's individual-capacity claims, the Court finds that the amended complaint fails to state a claim or cause of action under § 1983. As previously noted, plaintiff alleges that defendant Ferguson misdiagnosed him and gave him CAT scan results stating "in part no brain aneurism." Mere negligence, however, does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). To state a claim for unconstitutional medical treatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to

serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that the defendant actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). Moreover, prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under § 1983. *Warren v. Fanning*, 950 F.2d 1370,1373 (8th Cir. 1990). Plaintiff's allegations relative to defendant Ferguson simply do not rise to the level of deliberate indifference. Because plaintiff's allegations fail to state a § 1983 claim against Ferguson in his individual capacity, they also will be dismissed as legally frivolous.

Last, to the extent that plaintiff is attempting to assert pendent state claims for medical negligence, the claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $37.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and

fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2015.

                                           /s/ Jean C. Hamilton
                                           UNITED STATES DISTRICT JUDGE